IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRITNEY E. MANNING,                                           No. 3:25-cv-00949-AB

        Plaintiff,
                                              OPINION & ORDER

    v.

OREGON CITY MUNICIPAL COURT, and
OREGON CITY SHERIFF'S DEPARTMENT,

        Defendants.

**BAGGIO, District Judge:**

Plaintiff Britney E. Manning ("Plaintiff"), proceeding pro se, brings this action against Defendants Oregon City Municipal Court ("Municipal Court") and Oregon City Sheriff's Department ("Sheriff's Department") (collectively, "Defendants"). Plaintiff alleges that the Defendants violated her Fourth and Fourteenth Amendment rights under the United States Constitution. Complaint ("Compl.", ECF 1), ¶¶ 12-19.

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. Application for Leave to Proceed IFP ("IFP Application", ECF 2). For the reasons set forth below, Plaintiff's IFP Application is GRANTED but her Complaint is DISMISSED without service on Defendants. However, Plaintiff has leave to amend.

## I.    APPLICATION FOR LEAVE TO PROCEED IFP

After review of Plaintiff's IFP Application, the Court concludes that Plaintiff has made a sufficient demonstration of indigency. Therefore, Plaintiff's IFP Application is GRANTED. However, for the reasons set forth below, the Complaint is dismissed without service on Defendants.

## II.    LEGAL STANDARD

Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints"). Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Although pro se pleadings are construed liberally, a pro se plaintiff still must present factual allegations sufficient to state a plausible claim for relief. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court must dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face when the factual allegations allow the court to reasonably infer the defendant's liability based on the alleged conduct. *Id.* The factual allegations must present more than "the mere possibility of misconduct[.]" *Id.* at 679.

While the complaint need not contain "detailed factual allegations," it must "provide the grounds of [the plaintiff's] entitlement to relief [which] requires more than labels and conclusions[.]" *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se

litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## III.    DISCUSSION

Plaintiff alleges that the Defendants violated her due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. Compl., ¶¶ 12-16. She further alleges that the Sheriff's Department violated her rights under the Fourth and Fourteenth Amendment of the United States Constitution based on an alleged unlawful arrest. *Id.* at ¶¶ 17-19. Plaintiff brings her claims under 42 U.S.C. § 1983. *Id.* at ¶¶ 12-19.

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court held that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." A municipality can only be sued for constitutional deprivations visited pursuant to an official policy, practice, or custom. *Id.* at 690-91; *see also Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014).

The circumstances in which *Monell* liability may be found under § 1983 are "carefully circumscribed." *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To establish *Monell* liability for an official custom, policy or practice, a plaintiff must show "(1) [she] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [her] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). "The 'official policy' requirement [of a *Monell* claim] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal

liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

Here, Plaintiff brings her claims against two municipalities—the Municipal Court and the Sheriff's Department. Plaintiff does not allege that the Defendants have a policy, custom, or practice that deprived her of a constitutional right. Thus, Plaintiff has not pled facts sufficient to state a *Monell* claim and therefore her Complaint is dismissed. However, the Court cannot conclude that it is impossible for Plaintiff to cure the defects in her pleading. *See Lopez*, 203 F.3d at 1130; *see also Lucas*, 66 F.3d at 248 (a court must allow leave to amend unless it is absolutely clear that amendment could not cure the complaint's defects). Accordingly, the Court dismisses the Complaint with leave to amend.

## IV.    CONCLUSION

Based on the reasons discussed, Plaintiff's IFP Application (ECF 2) is GRANTED but her Complaint (ECF 1) is DISMISSED without service on Defendants. However, Plaintiff has leave to amend. Plaintiff may file an amended complaint within 30 days of this Order.

IT IS SO ORDERED.

DATED this  10th  day of June 2025.

*Amy M. Baggio*
—————————————————
AMY M. BAGGIO
United States District Judge